UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SABRINA SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:18-CV-282-HAB ) |
| ANDREW SAUL, Commissioner of the Social Security Administration[1], | ) ) ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff Sabrina Smith's Brief in Support of Plaintiff's Complaint to Review Decision of Commissioner of Social Security Administration (ECF No. 20), filed on March 12, 2019. Defendant Andrew Saul, Commissioner of the Social Security Administration (the "Commissioner"), filed his Memorandum in Support of Commissioner's Decision (ECF No. 21) on April 19, 2019. Smith filed her Reply Brief (ECF No. 23) on May 17, 2019. This matter is now ripe for review.

**A.    Procedural History**

On March 30, 2015, Smith filed an application for supplemental security income under title XVI of the Social Security Act. The claim was denied initially on July 15, 2015, and again on reconsideration on October 14, 2015. On May 16, 2017, Smith appeared in Fort Wayne, Indiana, for a hearing before an administrative law judge ("ALJ"). The ALJ issued his decision on September 18, 2017, finding that Smith was not disabled (the "Decision").

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* Section 205(g) of the Social Security Act, 42 USC § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

Smith filed her Request for Review of Hearing Decision/Order on September 22, 2017. The Appeals Council denied her Request for Review on July 9, 2018. Smith then sought judicial review with this Court.

**B.     Legal Analysis**

**1.     *Standard of Review***

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations omitted).

In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)).

Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted). While the ALJ need not discuss every piece of evidence in the record, he "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon*

*v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors his ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support his conclusion and explain why it was rejected," *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate his assessment of the evidence to assure" the court that he "considered the important evidence" and to enable the court "to trace the path of [his] reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

**2.**     ***The ALJ's Decision***

A person suffering from a disability that renders her unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. § 423(d)(2)(A).

If a claimant's application is denied initially and on reconsideration, he may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1). An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether he has the residual functional capacity to perform his past relevant

3

work, and (5) whether the claimant is capable of performing any work in the national economy. *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ determined that Smith had not engaged in substantial gainful activity since March 30, 2015. At step two, the ALJ determined that Smith had the following severe impairments: degenerative joint disease, muscular tendinitis, osteoarthritis, history of nephrolithiasis and kidney stones, history of hyperthyroidism and Graves' disease, hypoglycemia, obesity, anxiety disorder, panic disorder, and depression. The ALJ additionally found that Smith's asthma and tobacco use were non-severe impairments.

At step three, the ALJ found that Smith did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. 18). At step four, the ALJ found that Smith had the residual functional capacity ("RFC") to:

> Perform "light" work as defined in 20 CFR 416.967(b) (i.e. lift, carry, push, pull twenty pounds occasionally, and ten pounds frequently; sit, stand, walk at least six out of eight hours each in an eight-hour workday), but she can never climb ladders, ropes or scaffolds; only occasionally climbing of ramps and stairs, balancing, stooping, kneeling, crouching and crawling; only occasional interactions with the general public; and no work requiring extensive contact with crowds or large public gatherings.

(R. 20). At step five, the ALJ determined that Smith had no past relevant work, but that there were jobs that exist in significant numbers in the national economy that Smith could perform. Accordingly, the ALJ determined that Smith was not disabled.

**3.**     *Evaluation of Smith's Hyperthyroidism*

Smith's main objection to the Decision is her assertion that the ALJ's discussion of her hyperthyroidism[2] is "not sufficient." (ECF No. 20 at 9). Specifically, Smith faults the ALJ for failing to tie many of Smith's claimed impairments to her hyperthyroidism. Smith claims that the ALJ's "misunderstanding of the role of hyperthyroidism" resulted in an unfavorable credibility determination, requiring remand. (*Id.* at 10).

The primary problem with this line of argument is that it finds no support in the record. The only individual that seems to link many of the identified impairments (including Smith's intolerance for cold, right ankle issues, hand tremor, memory issues, and difficulties with social interaction) to Smith's hyperthyroidism is her attorney. Smith's attorney gleaned a list of symptoms related to hyperthyroidism from various internet sources, and then concludes matter-of-factly that where Smith suffers from one of the listed symptoms it must be caused by the hyperthyroidism. (ECF No. 20 at 9–12). But none of the medical records cited by Smith make these same connections. Since issues of medical causation are classic examples where an expert opinion is required, *Myers v. Ill. Cent. R. Co.*, 629 F.3d 639, 643 (7th Cir. 2010), the Court cannot fault the ALJ for failing to independently make causal connections that no medical expert made. Indeed, the ALJ is expressly barred from this kind of "playing doctor" by Seventh Circuit precedent. *See*, *e.g.*, *McHenry v. Berryhill*, 911 F.3d 866 (7th Cir. 2018).

On a more basic level, Smith fails to explain how any of this matters to the ultimate determination of disability. "Conditions must not be confused with disabilities. The social security disability benefits program is not concerned with health as such, but rather with ability to engage

---

[2] Smith interchangeably uses the terms "hypothyroidism" and "hyperthyroidism" throughout her Brief. Since the record shows only a history of hyperthyroidism, the Court will assume that the references to hypothyroidism are typographical errors.

in full-time gainful employment." *Gentle v. Barnhart*, 430 F.3d 865, 868 (7th Cir. 2005). Where a claimant challenges a RFC, then, she must identify how the RFC is incompatible with her conditions *and* demonstrate that additional limitations should have been included. *Davis v. Berryhill*, 723 Fed. Appx. 351, 356 (7th Cir. 2018). Smith does not explain how attributing her symptoms to hyperthyroidism as opposed to some other cause makes the RFC deficient, or how such a connection would result in additional limitations. Indeed, Smith does not identify any additional limitations she believes should have been included in the RFC.

Finally, it is clear that the ALJ considered virtually all of Smith's identified symptoms in developing the RFC. This includes Smith's intolerance to cold (R. 21), her ankle issues (*Id*.), and her depression and difficulty handling social situations (*Id*. at 22–23). Those that the ALJ did not address are either not identified as causing any limitation (Smith's hand tremor) or were created solely by Smith's attorney (ECF No. 20 at 10) (Smith's attorney attributes missed doctor's appointments to "forgetfulness" despite no such conclusion in the medical records). The Court may or may not have weighed the medical evidence in the same way as the ALJ, but the ALJ's determination is entitled to deference. *Lopez*, 336 F.3d at 539. The Court is satisfied that the ALJ has sufficiently addressed the evidence in the record, both supporting and contradicting his conclusion, to enable the Court to trace his reasoning. As such, the Court will not remand this matter on the basis of the claimed deficiencies in the RFC.

**4.** *Activities of Daily Living*

Smith also argues that the Decision overemphasizes her ability to perform daily activities. While daily activities can be considered in evaluating alleged symptoms, the Seventh Circuit has "cautioned the Social Security Administration against placing undue weight on a claimant's household activities in assessing the claimant's ability to hold a job outside the home." *Craft v.*

*Astrue*, 539 F.3d 668, 680 (7th Cir. 2008). Here, the ALJ's reliance on Smith's ability to perform activities of daily living ("ADLs") is limited. The entirety of the discussion of ADLs is confined to a five-line paragraph on a single page of an eleven-page Decision. (R. 23). The discussion of ADLs is dwarfed by the ALJ's comprehensive review and recitations of the objective findings in Smith's medical records. The Court concludes that the ALJ properly considered Smith's ADLs in the context of the record as a whole and will not remand this matter as a result.

**C.     Conclusion**

For the foregoing reasons, the Decision (R. 15–26) is AFFIRMED.

SO ORDERED on January 9, 2020.

                                       s/ Holly A. Brady
                                       JUDGE HOLLY A. BRADY
                                       UNITED STATES DISTRICT COURT